UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | Civil No. 13-CV-294-L |
| ) | Criminal No. 12-CR-1335-L |
| Plaintiff-Respondent, ) | |
| ) | **ORDER DISMISSING WITH** |
| v. ) | **PREJUDICE PETITIONER'S** |
| ) | **MOTION UNDER 28 U.S.C. § 2255** |
| ) | **TO VACATE, SET ASIDE OR** |
| JOSE VACA-ORTEGA, ) | **CORRECT SENTENCE** |
| ) | |
| Defendant-Petitioner. ) | |

On February 4, 2013, Petitioner Jose Vaca-Ortega ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The Court has fully reviewed the record and, for the reasons set forth below, **DISMISSES** Petitioner's motion.

## BACKGROUND

On June 25, 2012, Petitioner entered into a written plea agreement with the Government.[1] Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal, or to

---

[1] Under the plea agreement, the parties jointly recommended a Base Offense Level of 8 and agreed that the specific offense characteristics of Petitioner's prior conviction would be determined by the Court at the time of sentencing for purposes of applying any increase pursuant to § 2L1.2(b)(1). (Plea Agreement, ¶ 10.) At sentencing, the Court applied a 16 level increase pursuant to § 2L1.2(b)(1)(A) and Petitioner's Total Adjusted Offense Level, after a 3 level decrease for acceptance of responsibility and a 2 level departure for fast track was 19, with a resulting advisory guideline range of 63-78 months. The Government recommended that the Court sentence Petitioner to 63 months custody at the low-end of the guideline range. Defense counsel sought a criminal history departure from criminal history category VI to V and a 4-level downward departure for fast track. Defense counsel requested a 48-month sentence.

collaterally attack his conviction and sentence, unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement. (*See* Plea Agreement, ¶ 11.) On January 14, 2013, this Court sentenced Petitioner to a term of 57 months in custody. This sentence reflected the Court's adoption Defense counsel's request for a departure from criminal history category VI to V and imposition of the sentence at the low end of the resulting guideline range of 57-71 months.

## ANALYSIS

Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence as part of his plea agreement. Because Petitioner does not challenge the validity of the waiver, the Court finds that the waiver should be enforced. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g., United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

The scope of a § 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Abarca*, 985 F.2d 1012, 1014; *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992). In this case, none of these potential limitations on the validity of Petitioner's waiver are applicable. First, the record indicates that Petitioner knowingly and voluntarily entered into the Plea agreement and that the requirements of Rule 11 were adhered to. (*See* Findings and Recommendation, Doc.

22.) Second, the sentence imposed by the Court was in accordance with the negotiated plea agreement, and in accordance with the applicable sentencing guidelines.

Regarding Petitioner's ineffective assistance of counsel claims, the Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the test for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to sustain a claim of ineffective assistance of counsel, the petitioner has the burden of showing both: 1) that his defense counsel's performance was deficient; and, 2) that this deficient performance prejudiced his defense. *Id.* at 690-92; *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).

To satisfy the deficient performance prong of the *Strickland* test, the Petitioner must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness). To satisfy the second prong, a section 2255 petitioner must show that he was prejudiced by the deficient representation he received. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Here, the Court will not consider whether any aspect of his counsel's performance could be considered outside the range of competence demanded of attorneys in criminal cases because he has not identified any resulting prejudice. The record refutes Petitioner's claim that counsel failed to present any mitigating factors that would weigh in favor of a less severe sentence. The plea agreement in this case clearly stated that the maximum sentence Petitioner could receive was 20 years. (Plea Agreement, ¶ 1.) It also states that any attempt to seek departures under §

3553 would be deemed a breach of the plea agreement. (Plea Agreement, ¶ 10.) Moreover, Defense counsel filed Objections to the Pre-Sentence Report requesting a departure in Petitioner's criminal history category, arguing that one of Petitioner's prior convictions was too old to be considered in calculating his criminal history score. The Court agreed and based Petitioner's sentence on the lower category. Defense counsel also filed a Sentencing Memorandum in which she explained that Petitioner only returned to the United States as a result of the stress of being separated from his sister, who has bone cancer, and his resulting "overwhelming desire" see her again. She also argued that Petitioner has changed as a result of the recent birth of his first child, which has inspired a new sense of responsibility in Petitioner. The Court considered these factors but weighed them against Petitioner's extensive criminal history, which includes a conviction for attempted murder and assault with a firearm and declined to apply further departures.

Even assuming that Petitioner's counsel did assure him that he would receive a lower sentence under the plea agreement, this would not provide Petitioner with a basis for relief. *See, e.g., United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994) (defense attorney's failure to accurately inform the defendant of the sentencing range he faced did not entitle him to challenge his guilty plea). Moreover, Petitioner signed a plea agreement stating he understood any estimate of probable sentence by defense counsel is a prediction and not a promise and would not be binding on the court. (Plea Agreement, ¶ 9.)

Finally, Petitioner claims it was ineffective assistance for his counsel to fail to forcefully present to the court factors weighing in favor of a departure of 2 points for cultural assimilation. Even if the failure to do so had been outside the range of sufficiently professional or competent assistance required from defense counsel, he could not have been prejudiced because the departure is inapplicable to Petitioner. When considering whether to apply the departure for cultural assimilation, the Court must consider the seriousness of a defendant's criminal history. Here, Petitioner has a lengthy history of serious, violent crimes and, as a result, the departure would be inapplicable.

As stated above, Petitioner signed a plea agreement in which he agreed to waive any right

to appeal, or to collaterally attack his conviction and sentence, unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement. (*See* Plea Agreement, ¶ 11.) In the plea agreement, Petitioner initialed his assent that his plea was knowing and voluntary, and signed acknowledging that he fully understood the agreement's terms. Therefore, Petitioner's valid waiver of his right to appeal forecloses his claim his counsel's failure to present mitigating factors to this Court or failed to advise him of the consequences of his plea constituted ineffective assistance.

Thus, the Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case. Therefore, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: March 19, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

Jose Vaca-Ortega
Reg. No. 324-08-298
California City
Correctional Institution
Inmate Mail/Parcels
P.O. Box 3001-0001
California City, CA 93504